UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BILLY EDWARD REED, #431634,

        Petitioner,

                                   CASE NO. 4:17-CV-12318
v.                                  HONORABLE LINDA V. PARKER

MELINDA BRAMAN,

        Respondent.
_____/

**OPINION & ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
& DENYING LEAVE TO PROCEED _IN FORMA PAUPERIS_ ON APPEAL**

## I.    Introduction

This is a _pro se_ habeas case brought pursuant to 28 U.S.C. § 2254. Michigan

prisoner Billy Edward Reed ("Petitioner") pleaded guilty to third-degree fleeing and

eluding a police officer, MICH. COMP. LAWS § 257.602(A)(3)(a), in the Kalamazoo

County Circuit Court in 2015 and was sentenced, as a fourth habitual offender,

MICH. COMP. LAWS § 769.12, to four to 15 years imprisonment in 2016. In his

petition, he raises a claim concerning the validity of his plea and the effectiveness of

defense counsel. For the reasons set forth, the Court denies the habeas petition. The

Court also denies a certificate of appealability and denies leave to proceed _in forma_

_pauperis_ on appeal.

## II. Facts and Procedural History

Petitioner's conviction arises from a high-speed police chase that ensued when he refused to pull over for a marked police car attempting to stop him on April 2, 2015 in Kalamazoo County, Michigan. On December 15, 2015, the day set for trial, Petitioner pleaded guilty to one count of third-degree fleeing and eluding as a fourth habitual offender in exchange for the dismissal of an additional resisting arrest charge and an agreement that the prosecutor would not pursue an absconding charge (based upon Petitioner's failure to appear at scheduled proceedings). Prior to sentencing, Petitioner moved to withdraw his plea. On January 19, 2016, the trial court conducted a hearing on that motion, denied it, and sentenced Petitioner, as a fourth habitual offender, to four to 15 years imprisonment.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that his plea was involuntary because trial counsel was ineffective for failing to seek discovery and prepare for his case and pressuring him to accept the plea. The court denied the application "for lack of merit in the grounds presented." *People v. Reed*, No. 334005 (Mich. Ct. App. Sept. 12, 2016 (Sept. 12, 2016). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Reed*, 500 Mich. 961, 892 N.W.2d 366 (2017).

Petitioner thereafter filed his federal habeas petition raising the same claim presented to the state courts for direct appeal of his conviction. Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

## III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]'

or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). A habeas court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.; see also White v. Woodall*, 572 U.S. 415, 419-20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, _ U.S. _, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within

the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72.  Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100.  Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by Supreme Court precedent.  Thus, "circuit precedent does not constitute 'clearly

established Federal law, as determined by the Supreme Court,'" and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, _ U.S. _, 132 S. Ct. 2148, 2155 (2012) (per curiam); *see also Lopez v. Smith*, _ U.S. _, 135 S. Ct. 1, 2 (2014) (per curiam). The decisions of lower federal courts may be useful in assessing the reasonableness of the state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Habeas review is also "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. Discussion

Petitioner asserts that he is entitled to habeas relief because his plea was involuntary. He asserts that he felt pressured into pleading guilty because defense counsel failed to seek discovery and was not prepared for trial. Respondent contends that this claim lacks merit and does not warrant habeas relief.

When a criminal defendant is convicted pursuant to a plea, habeas review is limited to whether the plea was made knowingly, intelligently, and voluntarily.

*United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749.

In this case, the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary. Petitioner was 34 years old at the time of his plea and was familiar with the criminal justice system as a fourth habitual offender. There is no evidence that he suffered from any physical or mental problems which impaired his ability to understand the criminal proceedings or his plea. Petitioner was represented by legal counsel and conferred with counsel during the pre-trial and plea proceedings.

Petitioner was advised that he would be giving up certain rights by pleading guilty and he signed an advice of rights form. The parties discussed the charges, the terms of the plea agreement, and the consequences of the plea. Petitioner indicated that he understood the plea agreement and wanted to plead guilty. He also acknowledged that he had not been threatened or promised anything (other than what was included in the agreement) and that it was his desire to plead guilty. He also provided a factual basis for his plea and his fourth habitual offender enhancement.

Petitioner is bound by the statements he made at the plea hearing. *See Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). There is no evidence of coercion in this case. The fact that Petitioner was subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary. *See Brady*, 397 U.S. at 757. A defendant is not entitled to withdraw a plea "merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Id*.

Petitioner also fails to show that defense counsel was ineffective in advising him about his case and plea. The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground

that he or she was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncrasies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded to trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded to trial counsel in the area of plea bargaining. *See Premo v. Moore*, 562 U.S. 115, 125 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

To the extent that Petitioner asserts that counsel was ineffective for failing to conduct discovery or take other action during the pre-plea period, he is not entitled to relief. It is well-settled that claims about the deprivation of constitutional rights that occur before the entry of a guilty or no contest plea are foreclosed by the plea.

*United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  The Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267.  Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before the plea.  In such a case, a reviewing court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary.  *Broce*, 488 U.S. at 569.  Accordingly, Petitioner's claim that counsel was ineffective for failing to conduct discovery or take other action during the pre-trial period is foreclosed by his plea and does not warrant relief.

Petitioner further asserts that counsel's alleged failure to investigate his case and prepare for trial led to his decision to plead guilty.  It is true that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case,

or to make a reasonable determination that such investigation is unnecessary. *Strickland*, 466 U.S. at 690-91; *Lundgren v. Mitchell*, 440 F.3d 754, 771 (6th Cir. 2006); *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned determination that investigation is not warranted).

Petitioner, however, fails to allege facts showing that counsel did not sufficiently investigate his case, was unprepared for trial, or was otherwise deficient in advising him about the plea. Counsel's strategy in pursuing a plea and foregoing other avenues of defense was reasonable given the charges and potential charges against Petitioner, the evidence of guilt presented at the pre-trial proceedings, the uncertainties of trial, and the lack of a defense. Counsel was able to secure the dismissal of a resisting arrest charge and avoid potential absconding charges during the plea process. Petitioner fails to explain what additional information counsel would have discovered upon further investigation and/or how such information would have benefitted the defense. Petitioner also fails to allege any facts which show that counsel was unprepared for trial. Conclusory allegations are insufficient to warrant habeas relief. *See, e.g., Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also*

*Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for evidentiary hearing on habeas review). Petitioner fails to establish that defense counsel was ineffective under the *Strickland/Hill* standard. The Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary. Habeas relief is not warranted.

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to relief on his habeas claim. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed

*in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* FED.

R. APP. P. 24(a).

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 15, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 15, 2019, by electronic and/or U.S. First Class mail.

s/ B. Sauve
Case Manager